**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DARRYL R. BYNUM, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-CV-00402 RWS |
| ) | |
| KENNETH OSBORNE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented petitioner Darryl Bynum, Jr.'s application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 1]. The petition is defective, and as a result, petitioner will be required to submit an amended application for writ of habeas corpus on a Court-provided form within twenty-one (21) days of the date of this Order. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Petitioner's motions to proceed in forma pauperis and for appointment of counsel will be denied at this time. [ECF Nos. 2 and 3].

### The Petition

Petitioner has failed to fill out all sections of his Court-provided form for filing his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Instead of filling out the section indicating the name and location of the judgment which he is challenging, petitioner has written "St. Louis County, Missouri." Petitioner has failed to identify the criminal case number of the

judgment, and he has not indicated the full date of sentence, such as the month, date and year.[1] Additionally, petitioner has failed to indicate the crime or crimes which he was convicted of,[2] and he has not specified his grounds for seeking his application for writ of habeas corpus.[3] Moreover, petitioner has failed to sign his petition. Rule 2(c)(5) of the Rules Governing § 2254 cases in the United States District Courts requires that all § 2254 petitions be signed under penalty of perjury.

Because of the myriad of problems with petitioner's application for writ, the Court will require petitioner to amend his petition for writ of habeas corpus on a Court-provided form within twenty-one (21) days of the Court's Order. The Clerk of Court will be directed to send to petitioner the Court's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." If petitioner wishes to pursue habeas corpus relief under 28 U.S.C. § 2254 in this Court, he should file an amended petition on this Court-provided form. If petitioner's filing was mistakenly sent to this Court and he does not wish to seek relief here, petitioner should inform the Court that he would like to voluntarily dismiss this action.

Petitioner should be aware that in order to bring a habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). Furthermore, petitioner is warned that if files a motion under § 2254, any future § 2254 motions will be subject to the restrictions on filing second or

---

[1] The Court has reviewed Missouri.Case.Net and has not been able to find a judgment against petitioner Darryl Bynum, Jr., in St. Louis County, Missouri, on or about January of 2023. Additionally, petitioner is currently incarcerated in Sheridan Correctional Center in Sheridan, Illinois, which is in LaSalle County, Illinois. There is no indication in the petition or in Missouri.Case.Net that petitioner has had a Missouri conviction or sentence.

[2] In petitioner's motion for leave to proceed in forma pauperis, he asserts that he was charged with "domestic battery," but he had a "non conviction" [sic]. If a charge was dismissed by the prosecutor prior to a judgment and conviction, a petitioner may not seek to overturn the "non-conviction" through 28 U.S.C. § 2254.

[3] To the extent petitioner has appealed his judgment and conviction or filed a motion for post-conviction relief in the Missouri State Court, he needs to designate such on the Court-provided form.

successive motions. That is, petitioner will not be permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A). Finally, petitioner is warned that § 2254 motions are subject to a one-year limitations period. *See* 28 U.S.C.§ 2244(d).

## Motion to Proceed in Forma Pauperis

Along with his petition for writ of habeas corpus, petitioner filed a motion to proceed in forma pauperis in this action so that he could be absolved from paying the $5.00 filing fee. [ECF No. 2]. The Court placed the motion to proceed in forma pauperis under seal because petitioner placed the names of his minor children in the motion, in contravention of this Court's Local Rules. *See* E.D. Mo. Local Rule 2.17(A)(2) ("In compliance with the policies of the Judicial Conference of the United States and the E-Government Act of 2002…parties shall refrain from including, or shall partially redact where inclusion is necessary,"… the names of minor children. Only the initials of minor children shall be listed in the filing.).

Because petitioner has failed to fully fill out his motion to proceed in forma pauperis, the Court will decline to grant his request at this time. Petitioner has failed to indicate his last date of employment or note if he has money from other sources, and he has not supported his request with the signature of an individual from his correctional institution or with an institutional account statement. For this reason, petitioner's request will be denied without prejudice, and he will be allowed twenty-one (21) days to submit a new motion to proceed in forma pauperis. His failure to either pay the $5.00 filing fee or submit a new motion to proceed in forma pauperis will necessitate dismissal of this action, without prejudice.

**Motion for Appointment of Counsel**

Last, petitioner moves for appointment of counsel. [ECF No. 3]. After considering the motion and the pleadings, the motion is denied without prejudice to refiling at a later time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the petitioner has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the petitioner will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the petitioner's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Petitioner has not yet presented non-frivolous allegations in his application for writ of habeas corpus. And the Court believes that he can adequately present his claims to the Court on his own at this time. To the extent this case progresses, and counsel appears necessary, the Court will entertain future requests for counsel at that time.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to petitioner a copy of the Court's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" form.

**IT IS FURTHER ORDERED** that if petitioner wants to pursue habeas relief in this Court, he should file an amended petition on the Court-provided form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a copy of the Court's form motion to proceed in forma pauperis and affidavit in support – habeas cases.

**IT IS FURTHER ORDERED** that petitioner must either pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis, within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this Order in the time allotted, the Court will assume that he does not wish to proceed in this matter and the case will be dismissed.

Dated this 22nd day of March, 2024.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE